IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANK O. LOHER, #A0207018, | CIV. NO. 09-00499 SOM-LEK |
| Petitioner, | PRELIMINARY ORDER TO SHOW CAUSE AND ANSWER PETITION |
| vs. | |
| TODD THOMAS, | |
| Respondent. | |

**PRELIMINARY ORDER TO SHOW CAUSE AND ANSWER PETITION**

On October 19, 2008, *pro se* Petitioner Frank O. Loher, a Hawaii prisoner incarcerated in Arizona, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, that was referred to this court pursuant to 28 U.S.C. § 636(a).  Respondent is ORDERED to respond to the Petition with a limited, Preliminary Answer, as set forth below.

**I.  BACKGROUND**[1]

According to the Petition, its exhibits, including the July 14, 2008 published opinion of the Hawaii Intermediate Court of Appeals ("ICA"), and the Hawaii Judiciary's public database,[2] Loher was found guilty by jury trial in the Circuit Court of the First Circuit ("circuit court"), of Attempted Sexual Assault in

---

[1] Although many of the facts below are supported by Loher's exhibits, the court refers to them for context only, and does not rely on them for the facts presented until an Answer has been filed and all facts are verified by uncontested state court records.

[2] *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

the First Degree, on November 17, 2000, in Cr. No. 99-1621. (*See* Ex. 15);[3] *Loher v. State*, 193 P.3d 438, 118 Hawaii 522 (Haw. App. 2008).  On July 18, 2001, judgment entered and Loher was sentenced to life with the possibility of parole, with a mandatory minimum term of imprisonment of thirteen years and four months.  On July 30, 2001, the circuit court granted the State's motions to sentence Loher to an extended term, consecutive sentences,[4] and as a repeat offender.

      Loher, represented by counsel, directly appealed, in No. 24489, on August 15, 2001.  Loher claimed there was insufficient evidence to convict him, ineffective assistance of trial counsel, and trial court error in sentencing him to extended and consecutive terms.[5]  On April 21, 2003, the ICA affirmed Loher's conviction and sentence.  It is unclear if Loher sought *certiorari* with the Hawaii Supreme Court or the United States Supreme Court; however, notice and judgment on appeal were filed on June 19, 2003.

---

[3] All citations to "(Ex.)" refer to Loher's exhibits attached to his Memorandum in Support, as they are numbered on the docket. (*See* Doc. #4.)

[4] The record does not make clear to which other sentence(s) this sentence runs consecutively, rather than concurrently.

[5] Loher's attorney did not argue on direct appeal that Loher's extended sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny. *See Loher*, 193 P.3d at 450.

On May 20, 2003, Loher, proceeding pro se, filed his first state post-conviction petition, a Motion for Correction of Illegal Sentence, pursuant to Hawaii Rules of Penal Procedure ("Haw. R. Penal P.") Rule 35 ("Rule 35 Motion").  Loher raised an *Apprendi* claim in this Rule 35 Motion.  The circuit court denied the Rule 35 Motion on July 16, 2003, and the ICA affirmed on February 14, 2005, in No. 26000.  It is unclear if Loher appealed the ICA's decision by seeking *certiorari* with the Hawaii Supreme Court, however, notice and judgment on appeal were filed in No. 26000 on March 30, 2005.

On October 18, 2005, Loher, proceeding pro se, filed his second post-conviction petition, under Haw. R. Penal P. 40 ("Rule 40 Petition"), in 1PR05-1-000067.  The circuit court denied the Rule 40 Petition without a hearing.  On July 14, 2008, the ICA affirmed in part and vacated in part the circuit court's decision, and remanded for a hearing on whether Loher's appellate counsel rendered ineffective assistance of counsel by failing to raise Loher's claim that he was "forced" to testify, in violation of his right against self-incrimination.  *See Loher*, 193 P.3d at 454-55.  Judgment on this appeal was filed September 8, 2008.

On April 14, 2009, after a hearing on remand, the circuit court entered its Findings of Fact, Conclusions of Law,

and Order Denying Petition for Post-Conviction Relief.  (Ex. 10.) The circuit court found that Loher's appellate attorney was not ineffective, and denied the only remaining portion of Loher's Rule 40 Petition.  (*Id.*)  Loher's Rule 40 attorney, Laura Yoshida, Esq., sent him a copy of the circuit court's decision on April 21, 2009.  (Ex. 11.)  Ms. Yoshida also informed Loher that he "may let this order stand, or, as with the other denial of your R-40, you may seek to appeal this order."  (*Id.*)

Apparently, Loher directed Yoshida to appeal, as the Hawaii Judiciary Database shows that Yoshida filed a notice of appeal on May 12, 2009, in 1PR05-1-000067, Doc. #26.[6]  Two days later, Loher also filed a notice of appeal pro se, on May 14, 2009.  (Ex. 12); http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm). Loher does not explain what has happened with this appeal; it appears to be pending in the state appellate court.

On July 7, 2009, Loher also sought a *writ of certiorari* from the Hawaii Supreme Court.  (Ex. 6.)  In this petition, Loher states that he seeks review of the July 14, 2008 ICA decision, and the April 14, 2009 circuit court decision.  The supreme court dismissed the application for *certiorari* as untimely, on August 5, 2009, based on the July 2008 date of the ICA decision.

---

[6]*See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.html.

Loher then filed a "motion to direct clerk out of time," that the supreme court denied on September 1, 2009. (Ex. 4.)

As noted, the present Petition was filed on October 19, 2009. Loher signed the Petition on October 1, 2009, although the Petition was not mailed until October 14, 2009.[7]

## II. DISCUSSION

The exhaustion of available state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A);[8] *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner must exhaust all adequate and available state court judicial remedies by presenting to the highest state court a fair opportunity to rule on the merits of every issue sought to be raised in the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Unless another avenue of relief is mandated by state law, a petitioner may present his

---

[7]A prisoner's legal document is deemed filed on the date he delivers it to prison authorities for filing by mail, rather than the date it is filed by the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *see also* Rule 3(d) of the Rules Governing Section 2255 Proceedings (incorporating the *Houston* decision). Respondent can clarify when Loher delivered the Petition to prison authorities if a determination of whether this Petition is time-barred is later necessary.

[8]Stating that an application for a writ of habeas corpus shall not be granted unless it appears that:

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

claim either on direct appeal or in state collateral proceedings. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).

Although the record now before the court is unclear, it appears that Loher has an appeal of the denial of his Rule 40 Petition pending before the ICA.  This poses several insurmountable problems for federal review of the present Petition.  First, the exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court.  *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  If a post-conviction challenge to a criminal conviction or sentence is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted.  This rule applies whether or not the issue raised in the pending state petition is included in the federal petition because a pending state court challenge may result in the reversal of the petitioner's conviction, thereby mooting the federal petition.  *See id.* (citations omitted).

Second, as noted above, before bringing a habeas petition to the federal court, a petitioner must exhaust *all* of his claims in the state courts.  *See Rose*, 455 U.S. at 522.  The present Petition appears to be a mixed petition, containing both

exhausted and unexhausted claims. As discussed above, Loher's claims relating to his allegedly "forced" testimony may be pending appeal before the ICA, and therefore, cannot be exhausted. It also appears that Loher failed to "fairly present" some of his claims to the state courts under federal as well as state law. *See Baldwin v. Reese*, 541 U.S. 27, 27-28 (2004). Finally, it seems that Loher failed to appeal the ICA's decisions on direct appeal and in his Rule 35 Motion to the Hawaii Supreme Court, as was then required.[9] If true, it is possible that some of the claims in the present Petition, that may not have been raised in Loher's Rule 40 Petition, are now procedurally barred from federal review.

### III. CONCLUSION

It appears from the face of the Petition that Loher has a pending state court proceeding challenging the same conviction and sentence as in this action. It also appears that the Petition may be partially unexhausted. Accordingly, IT IS HEREBY ORDERED, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, that Respondent file a limited, Preliminary Answer to the Petition **addressing whether Loher has a**

---

[9]While making no ruling on this issue at this time, it appears that, due to the adoption of HRAP 40.3 **in 2006**, Loher's failure to seek *certiorari* in his Rule 40 Petition **in 2008**, was not a failure to exhaust any claims presented to the ICA in the Rule 40 Petition. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also, e.g.*, *Mancuso v. Schriro*, No. 08-01366, 2009 WL 484399 (D. Ariz. Feb. 26, 2009); *Dixon v. Dormire*, 263 F.3d 774, 780 (8th Cir. 2001); *Whelchel v. Bazzle*, 489 F. Supp. 2d 523, 529 n.1 (D.S.C. 2006); *Mattis v. Vaughn,* 128 F. Supp. 2d 249, 261 (E.D. Pa. 2001).

**post-conviction petition challenging his conviction or sentence pending in the state court.  Respondent shall file the Preliminary Answer on or before November 16, 2009.** Respondent is NOTIFIED that the Preliminary Answer must be in compliance with Rule 5, 28 U.S.C. foll. § 2254, and with Local Rule LR7.5, and **may not exceed 10 pages, excluding exhibits**.

Loher is **NOTIFIED** that the court is considering dismissing his Petition because he may be concurrently pursuing relief in the state courts.[10]  **At this time, no Reply to Respondent's Preliminary Answer is contemplated or necessary.**

If the Preliminary Answer reveals that there is no pending state post-conviction petition or proceeding challenging Loher's conviction or sentence, the court will likely require a supplemental answer addressing other procedural issues or addressing the merits of the Petition.  Loher will be given a chance to respond to any supplemental answer, if necessary and in the interests of justice.

The Clerk shall serve a copy of the Petition, Doc. #1, and the Memorandum in Support and its exhibits, Doc. #4, to Peter Carlisle only.

---

[10]Loher is NOTIFED that the court is not suggesting that he should dismiss any state post-conviction petition now pending.  That would likely result in procedural default of those claims, and their later federal procedural bar.

     IT IS SO ORDERED.

     DATED: Honolulu, Hawaii, November 3, 2009.



          /S/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge

cc: Petitioner (Order)
    Respondent (Order)
    Attorney General Mark Bennett (Order)
    Peter Carlisle (Order; Petition & Memo. in Support
      w/Exhibits)

*Loher v. Thomas*, Civ. No. 09-00499 SOM-LEK; Preliminary Order to Show Cause and Answer; prose attys\OSC\DMP\2009\Loher 09-00499 LEK (POSC #1 pndg st. pet.)