IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANK O. LOHER, #A020718, | CIV. NO. 09-00499 SOM-LEK |
| Petitioner, | ORDER DISMISSING PETITION |
| vs. | |
| TODD THOMAS, | |
| Respondent. | |

### ORDER DISMISSING PETITION

On November 3, 2009, the court directed Respondent to file a limited, Preliminary Answer, addressing whether Petitioner has a pending state post-conviction petition challenging the same conviction and sentence as challenged in this Petition. (Doc. #7, "November 3 POSC.")  The court notified Petitioner that, if he is concurrently pursuing relief in the state courts, his Petition would likely be dismissed.  Respondent filed the Preliminary Answer on November 13, 2009.  (Doc. #9-1.") The court has reviewed the Preliminary Answer and its exhibits.  Because it is clear that Petitioner has a pending state court post-conviction petition, the Petition is DISMISSED without prejudice to refiling after state post-conviction judicial remedies are terminated and Petitioner's claims are fully exhausted.

## I. BACKGROUND

Petitioner filed a petition for post-conviction relief under Hawaii Rules of Penal Procedure 40 ("Rule 40 Petition"), on October 18, 2005. (Prelim. Answer, Doc. #9-2 at 2.)[1] The Circuit Court of the First Circuit, State of Hawaii ("circuit court"), denied the Rule 40 Petition on March 16, 2006. (*Id.*) On July 14, 2008, the Hawaii Intermediate Court of Appeals ("ICA") affirmed in part and denied in part the circuit court's decision, and remanded for a hearing on the issue of ineffective assistance of appellate counsel. (*Id.; see also Loher v. State*, 193 P.3d 438, 118 Hawaii 522 (Haw. App. 2008).)

On April 14, 2009, after a hearing on remand, the circuit court again denied the Rule 40 Petition. (Prelim. Answer, Doc. #9-2.) On May 12, 2009, Petitioner's court-appointed attorney filed a notice of appeal. (*Id.*, Doc. #9-2 at 1.) On October 21, 2009, Petitioner filed his Opening Brief on appeal. (*Id.*, Doc. #9-4 at 1.) The State's Answering Brief is not due until November 30, 2009.

---

[1] The Preliminary Answer does not comply with the Local Rules of Practice for the United States District Court for the District of Hawaii, LR10.2(d), because its numerous exhibits are not tabbed. For clarity, the court refers to the Preliminary Answer's exhibits as they appear on the docket. In the future, any papers submitted by Respondent that do not comply with LR10.2 SHALL be stricken.

## II. **DISCUSSION**

Exhaustion of available state judicial remedies is a prerequisite to obtaining federal habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner must exhaust all adequate and available state court judicial remedies by presenting to the highest state court a fair opportunity to rule on the merits of every issue sought to be raised in the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999. Unless another avenue of relief is mandated by state law, a petitioner may present his claim either on direct appeal or in state collateral proceedings. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).

Exhaustion is not satisfied if there is a pending post-conviction proceeding in state court. *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge to a criminal conviction or sentence is pending in state court, a federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted. This rule applies whether or not the issue raised in the pending state petition is included in the federal petition because a pending state court challenge may result in the reversal of the petitioner's conviction, thereby mooting the federal petition. *See id.* (citations omitted).

**III. CONCLUSION**

The Petition and action are DISMISSED without prejudice to refiling at the conclusion of Petitioner's state court post-conviction proceedings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 17, 2009.



　　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　Chief United States District Judge

*Loher v. Thomas*, Civ. No. 09-00499 SOM; prose attys\Habeas\DMP\2009\Loher 09-499 SOM (dsm premature, pdg st. act.)